IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISON

| | |
|---|---|
| MRLED INC., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| SOUND BRIDGE ACOUSTIC LABS, INC., | )   Case No._____ |
| | ) |
| Respondent. | ) |

## APPLICATION TO CONFIRM FOREIGN ARBITRATION AWARD

Petitioner MRLED INC. ("MRLED") pursuant to Section 207 of the Federal Arbitration Act, 9 U.S.C., for an Order confirming a foreign arbitral award issued in its favor against Respondent Sound Bridge Acoustic Labs, Inc. ("Sound Bridge"), hereby states as follows:

### PARTIES

1. Petitioner MRLED INC. is a corporation organized and existing under the laws of the State of California, with its registered legal address at: 10837 Laurel St., #200, Rancho Cucamonga, California 91730.

2. Respondent Sound Bridge is a corporation organized and existing under the laws of the State of Texas, with its principal office located at: 3501 South I-35E Waxahachie, TX 75165 3501.

### JURISDICTION AND VENUE

3. This Petition is brought pursuant to the original jurisdiction of this Court as expressed in 9 U.S.C. §201, 202, 203, and 207, which codify, as Chapter 2 of the Federal

1

Arbitration Act, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of 1958 (the "New York Convention"). The United States and China are signatories to, and have ratified, the New York Convention.

4.  Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Respondent Sound Bridge resides in this District and is subject to personal jurisdiction in this District.

### AGREEMENTS UNDERLYING THE ARBITRATION AWARD

5.  In September 2017, the Respondent (as buyer) ordered LED display screens from the Petitioner (as seller). After delivery on December 22, 2017, both parties signed the Sales Contract. Annexed hereto as **Exhibit 1** are true and correct copies of the Sales Contract, Proforma Invoice, and Receipt for Goods subject to the dispute between the parties ("Sales Contract, Invoice, and Receipt for Goods").

6.  Articles 11 and 12 of the Sales Contract provided for the arbitration of any dispute, controversy or claim arising out of or relating to the contract and / or quality problem before Shenzhen Arbitration Committee (also known as Shenzhen Court of International Arbitration ("SCIA") in Shenzhen, China, with Chinese law as the governing law.

7.  Article 11 of the Sales Contract further provides that the arbitration expenses shall be borne by the losing party.

8.  Pursuant to the Sales Contract, MRLED INC. delivered the goods to Sound Bridge and issued a corresponding invoice in the total amount of $266,350.

9.  Sound Bridge paid a deposit of $27,335 in September 2017, and then made respective payments of $50,000 on July 31, 2018 and $20,000 on November 13, 2018 despite MRLED INC. urged for additional payment many times.

10. Up until now, Sound Bridge has failed to pay the remaining balance of $169,015 for the goods purchased and received from MRLED INC. despite multiple reminders and demands by MRLED INC. for payment.

11. MRLED INC. commenced arbitration proceedings before SCIA against Sound Bridge on October 27, 2021 for the recovery of $169,015 plus interest and costs arising from the failure of Sound Bridge to make payment to MRLED INC. for the goods purchased and received.

## THE ARBITRATION AND ARBITRAL AWARD

12. The Tribunal of the sole arbitrator was formed on May 12, 2022 to hear the case. Since the parties failed to jointly appoint or jointly entrust the President of the SCIA to appoint a sole arbitrator within the time limit specified in the SCIA Arbitration Rules effective as of February 2019 and amended in 2020, the President of the SCIA, pursuant to Article 31 of the Arbitration Rules, appointed Mr. Liu, Jing as the sole arbitrator.

13. On or about March 2 or March 3, 2022, as reflected by the EMS receipts and tracking records respectively, the Notice of Arbitration, the Arbitration Rules, the SCIA Panel of Arbitrators and the Request for Arbitration as well as evidentiary materials submitted by the Petitioner were served by EMS to the Respondent by the SCIA. The delivery dates were March 23 and March 25 respectively as reflected in the tracking records of the EMS mails. Annexed hereto as **Exhibit 2** are true and correct copies of the EMS Receipts and Tracking Records ("EMS Receipts and Tracking Records").

14. On or about May 30, 2022, the Notice on Formation of the Arbitration Tribunal and Oral Hearing and Attachment were served by EMS to the Respondent by the SCIA. The delivery date was June 16, 2022 as reflected in the tracking records.

15. The arbitration was conducted in Shenzhen through SCIA on July 18, 2022 governed by the SCIA Arbitration Rules.

16. The Respondent did not participate in the hearing.

17. According to Article 50, the duration of the arbitration extended to July 30, 2023.

18. The Respondent was provided with a full and fair opportunity to present their respective cases and submit evidence, dully notified of each and all procedural step throughout the proceedings but failed to participate in the proceedings without providing any explanation.

19. On July 26, 2023, the Arbitral Tribunal rendered a final award. Annexed hereto as **Exhibit 3** is the duly authenticated copy of the arbitration award ("Duly Authenticated Copy of the Arbitration Award").

20. The final award awarded MRLED INC. (1) $169,015 for the unpaid goods sold by MRLED INC. to Sound Bridge, (2) penalty on the $169,015 at the rate of 0.06% per day from April 22, 2018 to full payment of the $169,015, (3) legal costs of RMB 50,000, which is the rough equivalent of $6,914.58 under current exchange rates as of July 26, 2024, (4) costs of the hearing transcript of RMB 22,000, which is the rough equivalent of $3,042.67 under current exchange rates as of July 26, 2024, and (5) the arbitration fees of RMB 69,736, which is the rough equivalent of $9,644.70 under current exchange rates as of July 26, 2024, advanced by the Petitioner to the SCIA. The Tribunal ordered those payments be made by Sound Bridge within 30 days from the date of the award.

21. To date, Respondent has failed and/or refused to honor or satisfy the final award.

## CONFIRMATION OF THE AWARD

22. Pursuant to 9 U.S.C. § 207, any party seeking to confirm a foreign arbitral award in accordance with the New York Convention may do so provided that the award: (a) falls under

the New York Convention; (b) was issued less than three years ago; and (c) does not fall under any exception in the New York Convention for which confirmation may be refused.

23. The final award in all respects conforms to the requirements of 9 U.S.C. §§ 9 and 207 governing confirmation of arbitration awards.

24. No prior application for confirmation of the final award has previously been made in this or any other Court.

25. No grounds exist to support vacatur, modification or correction of the final award under 9 U.S.C. § 10 or § 11, and no such application has been made.

26. No grounds exist to support refusal or deferral of recognition or enforcement of the award specified in the New York Convention pursuant to 9 U.S.C. § 207, and no such application has been made.

WHEREFORE, Petitioner MRLED INC. respectfully requests judgment confirming and enforcing the arbitration award, fees and costs incurred in the prosecution of this Application, and that the Court grant the Petitioner such other and further relief as may be just and equitable in the circumstances.

Dated: July 26, 2024

Respectfully submitted,

MAZZOLA LINDSTROM, LLP

_____
Shan (Jessica) Chen
*Counsel for Petitioner*
1350 Avenue of the Americas, 2nd Floor

5

        New York, New York 10019
        (d) 646-416-6280
        (m) 347-652-9046
        jessica@mazzolalindstrom.com