# EXHIBIT 3

# 公 证 书

中华人民共和国广东省深圳市先行公证处

SCIΛ | 深圳国际仲裁院
Shenzhen Court of International Arbitration

# Arbitral Award
# 裁决书

独立 公正 创新
Independence   Impartiality   Innovation

IN THE MATTER OF AN ARBITRATION

UNDER THE Shenzhen Court of International Arbitration (SCIA)
ARBITRATION RULES

(2021) Shen Guo Zhong She Wai Cai No. 6092

BETWEEN

MRLED INC.                                    Claimant

and

SOUND BRIDGE ACOUSTIC LABS, INC.              Respondent

ARBITRAL AWARD

Arbitral Tribunal

Mr. LIU Jing
(Sole Arbitrator)

Shenzhen, 26 July 2023



## I. The Parties

1. The Claimant in this arbitration is:
**MRLED INC.**
10837 LAUREL ST., #200
RANCHO CUCAMONGA, California 91730
USA
Hereinafter, the **"Claimant"**.

2. The Claimant is represented in this arbitration by:
KONG Xia   Lawyer of Beijing DHH (Shenzhen) Law Firm
YU Xiaoxia   Lawyer of Beijing DHH (Shenzhen) Law Firm
CHEN Litao   Lawyer of Beijing DHH (Shenzhen) Law Firm

3. The Respondent in this arbitration is:
**SOUND BRIDGE ACOUSTICS LABS, INC.**
3501 1H-35E SOUTH
WAXAHACHIE, TX 75165
USA
Hereinafter, the **"Respondent"**.

## II. The Tribunal

4. Since the Parties failed to jointly appoint or jointly entrust the President of the SCIA to appoint a sole arbitrator within the time limit specified in the SCIA Arbitration Rules effective as of February 2019 and amended in 2020 (the *"Arbitration Rules"*), the President of the SCIA, pursuant to Article 31 of the Arbitration Rules, appointed Mr. LIU Jing as the sole arbitrator. The Tribunal of the sole arbitrator was formed on May 12, 2022 to hear the case.

## III. Arbitration Agreement and Applicable Law

5. Articles 11 and 12 of *the Sales Contract* (No. MRFS134-170902US) (the *"Contract"*) between the Claimant and the Respondent provide that:

*"11. Arbitration: All disputes in connection with this Contract or the execution thereof shall be settled friendly through negotiations. Where no settlement can be reached or any party doesn't want to negotiate, the disputes shall be submitted to Shenzhen Arbitration Committee for arbitration according to its arbitration procedure. Arbitration expenses shall be borne by the losing Party. This contract is subject to Chinese law.*

*12. Special Agreement: Both Parties agree that the product quality is independent from the payment and Party A shall not refuse to make payment upon the quality problem. When a quality problem occurs, Party A shall submit for arbitration from Shenzhen Arbitration Committee for arbitration for the quality dispute."*

1



### IV. Procedural History

6. This arbitration was initiated on October 27, 2021 by the Claimant filing a Request for Arbitration with the SCIA (also known as Shenzhen Arbitration Commission). The Application was accepted by the SCIA under case registration number *"(2021) Shen Guo Zhong She Wai Shou No. 6092"*.

7. Pursuant to Article 56 of the Arbitration Rules, Expedited Procedure shall apply to this case.

8. On March 3, 2022, the *Notice of Arbitration*, the *Arbitration Rules*, the *SCIA Panel of Arbitrators* and the *Request for Arbitration* as well as the evidentiary materials submitted by the Claimant were served to the Respondent by the SCIA. The relevant documents were also served to the Claimant.

10. Article 15 of the *Contract* provides that:
   *"This contract is made out in Chinese and English. Any difference between the two versions, the English version shall prevail.*
Since the parties failed to agree on the language of this arbitration in their arbitration agreement, considering the stipulation of Article 15 of the *Contract* and that most evidence in this case is in English, the Tribunal, pursuant to Article 5 of the Arbitration Rules, decides that English shall be the language of this arbitration.

11. The Tribunal held an oral hearing on July 18, 2022. At the hearing, the Tribunal heard Claimant's statement, examined the evidence submitted by Claimant, and questioned Claimant about issues related to the dispute. The Respondent did not participate in the hearing.

12. According to Article 50, the duration of the arbitration extended to 30 July, 2023.

### V. The Respondent's Non-participation in the Proceedings

13. The Respondent was duly notified of each and all procedural step throughout the proceedings but failed to participate in the proceedings without any explanation.

### VI. The Claimant's Claims and Relief Sought

14. In September 2017, the Respondent (as buyer) ordered LED display screens from the Claimant (as seller). After delivery on December 22, 2017, both parties signed the *Contract*. The relevant terms of the *Contract* are as follows: The buyer shall purchase LED display screens and accessories from the seller. The payment term is EXW LA, T/T. The goods shall be delivered at the WAREHOUSE in the United States. The buyer shall pay a deposit of USD 26,635 before shipment, and the rest 90% payment (USD 239,715) shall be paid within 120 days from the shipment day. If the buyer delays the payment, the seller will collect the penalty interest at a rate of 0.06%/ day.

15. The Respondent paid the deposit of USD 27,335 to the Claimant in September



2

2017. On the date of signing the *Contract*, the Claimant delivered the goods to the Respondent. The Respondent signed the confirmed receipt of the goods at the same day. According to the *Contract*, the Respondent shall pay off the goods in full before April 21, 2018. However, though the Claimant urged many times, the Respondent only paid USD 50,000 on July 31, 2018 and paid USD 20,000 on November 13, 2018. Up until now, the USD 169,015 has not been paid yet. The Respondent refused to honor its contractual obligations of payment. The Respondent shall be liable to the Claimant for the breach of the *Contract*.

16. In conclusion, the Claimant seeks the following relief:
    (1) The Respondent shall pay the Claimant USD 169,015 as the price of the contractual commodity.
    (2) The Respondent shall pay the Claimant USD 131,553.39 as the liquidated damages suffered by the Claimant.
    (3) The Respondent shall pay the Claimant RMB 30,000 (USD 4,634.35 at the exchange rate of July 27, 2021) to compensate the legal costs of the Claimant. (The exchange rate being the CNY parity rate that USD 1: CNY 6.3856 published by China's Inter-bank Bond Market & Foreign Exchange Market on October 27, 2021)
    (4) The Respondent shall bear the arbitration fee of the present case.

17. After the hearing, the Claimant amended the claims with the approval of the Tribunal as follows:
    (1) The Respondent shall pay the Claimant USD 169,015 for the unpaid payment of contractual commodity.
    (2) The Respondent shall pay the penalty interest to the Claimant, which shall be calculated based on unpaid payment of contractual commodity at the price of USD 169,015 at the rate of 0.06% per day, calculating from 21 April 2018 (Up until to 7 September 2021, the provisional penalty interest shall be USD 131,553.39.) to the end of date when all the unpaid payment of contractual commodity was paid off.
    (3) The Respondent shall compensate the Claimant RMB 50,000 of lawyer's fee.
    (4) The Respondent shall compensate the Claimant RMB 22,000 of hearing transcript fee.
    (5) The arbitration fee for this case shall be borne by the Respondent.

## VII. Factual Background

18. The Tribunal, on evidence adduced by the Claimant, finds the following facts.

19. This arbitration concerns sale of Led Display and Accessories. On September 27, 2017, the Respondent paid USD 27,335 to the Claimant as deposit.

20. On 21 December 2017, the Claimant delivered to the Respondent 104 PCS of LED SCREEN (500MM*500MM, 832 pcs panels) for a price of USD 239,200 and 20



PCS of LED SCREEN ACCESSORIES for a price of USD 27,150, with the total price being USD 266,350, as confirmed by a Receipt for Goods dated 21 December 2017 and signed by Mr. Ivan Christopher Cole of the Respondent. The Receipt for Goods referenced an invoice (PI NO.: MRFS134-170902US).

21. Then the Claimant (as seller) and the Respondent (as buyer) entered into the *Contract* for the sale of 832 PCS of R3 Led Display (R3 500MM*500MM) at a price of USD 239,200 and 1 set of Accessories at a price of USD 27,150, with the total price being USD 266,350. Mr. Ivan Christopher Cole, representing the Respondent, signed the *Contract* on 22 December 2017. The Claimant did not sign the *Contract*.

22. Article 6 of the *Contract* provides for the payment terms as follows:
"*Payment Term: EXW LA, T/T 26,635USD 10% deposit before shipment, and rest of 239,715USD 90% balance within 120 days from shipment day.
If buyer delays the payment, Seller will collect the penalty. The penalty interest rate is 0.06% per extra day. If Buyer makes the payment within 7 days after the due date, the penalty interest will be free. If Buyer don't make the payment within 10 days after the due date, Seller will make a claim against Buyer through Sinosure. At the same time, Seller will freeze Buyers' OPEN ACCOUNT.*"

23. Article 13 of the *Contract* provides the followings:
"*The others: the others which have not been described in this contract can be negotiated by both parties, after reaching unanimity through consultations; both parties may sign a supplementary agreement, which as part of the contract shall have the same legal effects as this contract. And this contract will be affected after the signature, sealing of the both authorized representatives and receive the contracted deposit. Email, fax and voice message, etc is all considered important parts of this contract….*"

24. Article 15 of the *Contract* provides that:
"*this contract is made out in Chinese and English. Any difference between the two versions, the English version shall prevail.*"

25. On 22 December 2017, Mr. Ivan Christopher Cole, on behalf of the Respondent, signed a PROFORMA INVOICE (PI NO.: MRFS134-170902US) recording a total price of USD 266,350.

26. The Respondent paid to the Claimant USD 50,000 and USD 20,000 respectively on July 31, 2018 and 13 November, 2018.

27. In an email of 15 November 2018 in response to the Claimant's request for payment of the remaining USD 169,015, Mr. Ivan Christopher Cole said, "*MR is on the top of our list to reduce to 0 as quickly as possible. I will give you an update on

4



*Friday your time*". However, the Respondent failed to pay the Claimant the remaining USD 169,015.

28. At the oral hearing, counsel of the Claimant stated that neither party took out insurance from Sino-sure.

29. The Claimant has paid to the SCIA the arbitration fees of RMB 69,736.

30. The Claimant has incurred legal costs of RMB 50,000 for this arbitration case.

31. The Claimant has paid to the SCIA the hearing transcript fees of RMB 22,000.

## VIII. The Tribunal's Analysis and Conclusions

32. The Tribunal is satisfied that the Claimant is entitled to payment of the remaining USD 169,015. The Respondent's payment of deposit (USD 26,635), receipt of delivery of the goods, partial payment (USD 70,000) of the total price and its willingness to pay the rest (as evidenced in Mr Ivan Christopher Cole's email of 15 November 2018), all confirm the contractual relationship between the parties and the Respondent's liability to pay the remaining USD 169,015.

33. The Tribunal concludes that Claimant is also, as per Article 6 of the *Contract*, entitled to payment of the penalty on the USD169,015 at the rate of 0.06% per day from 22 April 2018 (the 121th day of the shipment day i.e. 21 December 2017) to full payment of the USD169,015.

34. The Claimant's legal costs of RMB 50,000 was a reasonable amount incurred for this arbitration, and therefore shall be reimbursed by the Respondent.

35. Under Article 11 of the *Contract* "Arbitration expenses shall be borne by the losing Party". In light of the fact that the Claimant succeeds substantially on all its claims, the Tribunal considers it appropriate for the Respondent to bear the hearing transcript fees of RMB 22,000 and the arbitration fees of RMB 69,736 in full.

## IX. Operative Order

36. Based on the foregoing, the Tribunal finally AWARDS as follows:

(1) The Respondent shall pay to the Claimant the sum of USD 169,015.

(2) The Respondent shall compensate the Claimant for penalty on the USD169,015 at the rate of 0.06% per day from 22 April 2018 to full payment of the USD 169,015.



(3) The Respondent shall compensate the Claimant for its legal costs of RMB 50,000.

(4) The Respondent shall compensate the Claimant for the costs of the hearing transcript of RMB 22,000.

(5) The Respondent shall pay to the Claimant the arbitration fees of RMB 69,736 advanced by the Claimant to the SCIA.

37. The Respondent shall pay the above amounts to the Claimant within 30 days of the date of this award.

38. This Final Award is issued in Shenzhen on July 26, 2023 and takes effect from the same date.

The Sole Arbitrator:



July 26, 2023.

Case Manager: Zhao Jiahui

6

仲裁院电子文书支持扫码验证内容真伪
扫码还可查询案件进展及秘书联系方式
本文书的校验码为：0X24E7V

示范仲裁条款：

凡因本合同引起的或与本合同有关的任何争议，均应提交深圳国际仲裁院仲裁。

当事人可以根据《深圳国际仲裁院仲裁规则》的规定，在上述仲裁条款中约定深圳国际仲裁院的另称"华南国际经济贸易仲裁委员会"或"深圳仲裁委员会"。

当事人亦可以根据仲裁规则和相关法律的规定，在仲裁条款中就仲裁庭组成方式、开庭地点、仲裁地点、仲裁语言、适用法律等事项进行约定。

Model Arbitration Clause:

Any dispute arising from or in connection with this contract shall be submitted to the Shenzhen Court of International Arbitration (the SCIA) for arbitration.

The parties may agree to submit their dispute to the SCIA by referring to any of its other names, the "South China International Economic and Trade Arbitration Commission" or the "Shenzhen Arbitration Commission" in accordance with the SCIA Arbitration Rules.

The parties may reach an agreement, in accordance with the arbitration rules and relevant laws, on composition of the tribunal, place of hearing, place of arbitration, language of arbitration, applicable law and other matters.


SCIA服务号


SCIA订阅号

# 公　证　书

（2024）深先证字第 10041 号

申请人：MRLED INC.，实体编号：3916062。

董事：曾光明，男，1972 年 1 月 29 日出生，公民身份号码：420106197201290432。

委托代理人：黄宝婷，女，1990 年 5 月 2 日出生，公民身份号码：350524199005027720。

公证事项：裁决书

兹证明深圳国际仲裁院于 2023 年 7 月 26 日发给 MRLED INC. 的《裁决书》的原件与前面的复印件相符，原件属实。

中华人民共和国广东省深圳市先行公证处

公证员　杨乐文



2024 年 4 月 10 日

I V63906333

# NOTARIAL CERTIFICATE

(Translation)

(2024)SXZZi No.10041

Applicant: MRLED INC.

Entity Number: 3916062

Director: Zeng Guangming, male, born on January 29, 1972, ID Card No. 420106197201290432.

Entrusted Agent: Huang Baoting, female, born on May 2, 1990, ID Card No. 350524199005027720.

Issue under notarization: Arbitral Award

This is to certify that the foregoing copy of *Arbitral Award* issued to MRLED INC. by Shenzhen Court of International Arbitration on July 26, 2023 conforms to the original, and that the original document is authentic.

Shenzhen Xianxing Notary Public Office

Guangdong Province

The People's Republic of China

Notary Public Yang Lewen

April 10, 2024

I V63906334

# 公 证 书

（2024）深先证字第 10042 号

申请人：MRLED INC.，实体编号：3916062。

董事：曾光明，男，1972 年 1 月 29 日出生，公民身份号码：420106197201290432。

委托代理人：黄宝婷，女，1990 年 5 月 2 日出生，公民身份号码：350524199005027720。

公证事项：译本与原本相符

兹证明前面的(2024)深先证字第 10041 号公证书的英文译本与该公证书中文原本相符。

广东省深圳市先行公证处

公证员  杨乐文



2024 年 4 月 10 日

I V63906339

# NOTARIAL CERTIFICATE

(Translation)

(2024)SXZZi No.10042

Applicant: MRLED INC.

Entity Number: 3916062

Director: Zeng Guangming, male, born on January 29, 1972, ID Card No. 420106197201290432.

Entrusted Agent: Huang Baoting, female, born on May 2, 1990, ID Card No. 350524199005027720.

Issue under notarization: Certified Translation

This is to certify that the foregoing English translation of the NOTARIAL CERTIFICATE (2024)SXZZi No.10041 conforms to the Notarial Certificate in Chinese.

Shenzhen Xianxing Notary Public Office

Guangdong Province

The People's Republic of China

Notary Public Yang Lewen

April 10, 2024