IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISON

| | | |
|---|---|---|
| MRLED INC., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SOUND BRIDGE ACOUSTIC LABS, INC., | ) | Case No._____ |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO CONFIRM FOREIGN ARBITRATION AWARD**

MAZZOLA LINDSTROM LLP
1350 Avenue of the Americas, 2FL
New York, NY 10019
Tel: (646) 416-6280
*Attorneys for Petitioner*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 4

FACTUAL AND PROCEDURAL BACKGROUND.................................................................. 5

ARGUMENT................................................................................................................................. 5

   I.   THE COURT'S JURISDICTION AND VENUE ARE PROPER TO CONFIRM THE AWARD ................................................................................................................................ 5

   II.   THE COURT SHOULD CONFIRM THE AWARD AS SET FORTH BY THE FEDERAL ARBITRATION ACT AND THE NEW YORK CONVENTION .......................... 6

CONCLUSION.............................................................................................................................. 8

# TABLE OF AUTHORITIES

**CASES**

*Admart AG v. Stephen & Mary Birch Found., Inc.*
  457 F.3d 302 (3d Cir 2006)............................................................................................7

*Scherk v. Alberto-Culver Co.*
  417 U.S. 506, 520 n.15 (1974)........................................................................................6

**STATUTES**

9 U.S.C. § 2....................................................................................................................5
9 U.S.C. § 201.............................................................................................................4, 5
9 U.S.C. § 203................................................................................................................5
9 U.S.C. § 204................................................................................................................6
9 U.S.C. § 207................................................................................................................7
28 U.S.C. § 1332............................................................................................................6

Petitioner MRLED INC. respectfully submits this memorandum of law in support of its application and motion to confirm a foreign arbitration award and to enter judgment against Respondent Sound Bridge Acoustic Labs, Inc. ("Sound Bridge"). under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") and the Federal Arbitration Act, 9 U.S.C. § 201, *et seq*.

## PRELIMINARY STATEMENT

This is an action arising under the New York Convention and the FAA to confirm a foreign arbitral award rendered by Shenzhen Arbitration Committee (also known as Shenzhen Court of International Arbitration ("SCIA"). MRLED INC. and Sound Bridge Acoustic Labs, Inc. entered into a sales contract containing an arbitration clause providing for SCIA arbitration for any dispute, controversy, or claim arising out or of relating to the sales contract and / or quality issues of the goods. Sound Bridge Acoustic Labs, Inc. breached the contract and failed to pay for goods delivered. After an arbitration hearing on July 18, 2022 in Shenzhen under SICA arbitration rules pursuant to the arbitration clause, the arbitral tribunal issued a final award on July 26, 2023 in favor of MRLED INC. The tribunal held that Sound Bridge is liable to MRLED INC. for failure to pay for goods delivered pursuant to the sales contract in the amount of (1) $169,015 for the unpaid goods, (2) penalty on the $169,015 at the rate of 0.06% per day from April 22, 2018 to full payment of the $169,015, (3) legal costs of RMB 50,000, (4) costs of the hearing transcript of RMB 22,000, and (5) the arbitration fees of RMB 69,736.

The final award requires that payment be made within 30 days of the date of the award. Sound Bridge has failed and refused to pay, and as such, MRLED INC. brings this motion for confirmation and summary enforcement of the arbitration award.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner MRLED INC. respectfully refers the Court to the factual and procedural background as set forth in the Application to Confirm Arbitration Award and supporting exhibits.

**ARGUMENT**

I. **THE COURT'S JURISDICTION AND VENUE ARE PROPER TO CONFIRM THE AWARD**

This Court has subject matter jurisdiction under the New York Convention and the implementing provisions of the FAA. *See*, 9 U.S.C. §201 *et seq.*; 9 U.S.C. §2 *et seq.* The Court has original jurisdiction over an action that arises under the Convention. 9 U.S.C. § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district court of the United States…shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.")

An action arises under the Convention if it concerns the enforcement of an arbitration agreement or arbitral award under the Convention. 9 U.S.C. § 202. Whether an arbitration agreement is within the scope of the Convention is determined by 9 U.S.C. §202, which states in pertinent part as follows:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract or agreement described in Section 2 of this title, falls under the Convention. 9 U.S.C. § 202.

The sales contract is a written agreement regarding the purchase of commodities by Sound Bridge from MRLED INC. and is undoubtedly commercial in nature. The parties

5

designated Shenzhen, China as the arbitration place for any dispute, controversy or claim arising out of or relating to the contract and chose Chinese law as the governing law. The United States and China are signatories to the Convention. The award rendered upon Sound Bridge's breach of the contract and failure to pay for goods delivered falls squarely within the New York Convention.

Venue is proper in this Court. Pursuant to 9 U.S.C. § 204,

An action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought, or in such court for the district and division which embraces the place designated in the agreement as the place of arbitration if such place is within the United States.

Save for the arbitration agreement, an action or proceeding with respect to the controversy between the parties could be brought in this Court because Sound Bridge is a company formed under the laws of Texas with its principal place of business in Texas.

## II.   THE COURT SHOULD CONFIRM THE AWARD AS SET FORTH BY THE FEDERAL ARBITRATION ACT AND THE NEW YORK CONVENTION

Recognition and enforcement of commercial arbitration agreements in international contracts are encouraged in signatory countries so as to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974). The district court's role in reviewing a foreign arbitral award is limited. Upon application of a party to an arbitration award made pursuant to the New York Convention, a district court shall confirm the award as against any other party to the arbitration, unless the court finds one of the grounds for refusal or deferral of recognition or enforcement of the award

6

specified in the Convention. 9 U.S.C. § 207; *Admart AG v. Stephen & Mary Birth Found., Inc.*, 457 F.3d 302, 307 (3d Cir. 2006).

Article V of the Convention delineates the limited and exclusive grounds under which a court may refuse recognition and enforcement of an award, and courts have strictly applied the Article V defenses and generally view them narrowly. *Admart AG*, 547 F3d at 308. None of the Article V defenses are available here.

A defense under Article V(1)(a) is inapplicable as the arbitration clause in the sales contract is valid under the law to which the parties have subjected it, and both parties were not under any incapacity at any point.

A defense under Article V(1)(b) is also inapplicable. Both parties were given proper notice of the entire arbitration proceeding and both parties were given the opportunity to raise their arguments. The tribunal provided notice of arbitration, the arbitration rules, the SCIA panel of arbitrators, the request for arbitration, and notice of hearing to both parties. The tribunal also provided Sound Bridge with the evidentiary materials submitted by MRLED INC.

A defense under Article V(1)(c) is similarly inapplicable as the arbitration tribunal did not exceed the scope of authority. The arbitration hearing and award dealt only with the breach of the sales contract entered into between the parties. Such matters fall squarely within the terms of the submission to arbitration.

Article V(1)(d) allows a defense if the composition of the arbitral authority or procedure was not in accordance with the agreement of the parties. This defense is not available as the parties specifically contracted and agreed to conduct the arbitration in Shenzhen, China under SICA rules, which is exactly how the arbitration proceeded.

There is no defense under Article V(1)((e), as the arbitration clause clearly provided that that all disputes in connection with this contract or the execution thereof shall be settled friendly through negotiation. Where no settlement can be reached or any party doesn't want to negotiate, the dispute shall be submitted to Shenzhen Arbitration Committee for arbitration according to its arbitration procedure. Arbitration expense shall be borne by the losing party. This contract is subject to Chinese law.

Lastly, Article V(2) allows additional defenses if the subject matter of difference is not capable of settlement by arbitration under the law of that country or if the recognition or enforcement of the award would be contrary to the public policy of that country. These defenses are plainly inapplicable in a simple breach of commercial contract case.

There is no merit to any of the Article V defenses in this case. Because the scope of this Court's review is necessarily narrow and because the burden is on the respondent to prove the applicability of the defenses listed in Article V of the Convention, this Court should confirm the arbitration award in its entirety.

## CONCLUSION

Based on the foregoing, Petitioner MRLED INC. respectfully requests that this Court enter an order granting the motion to confirm the arbitral award in MRLED INC.'s favor and to enter judgment thereupon, together with such other and further relief as the Court may determine is appropriate in the circumstances.

Dated: July 26, 2024

Respectfully submitted,

MAZZOLA LINDSTROM, LLP

*[signature]*

_____

Shan (Jessica) Chen
*Counsel for Petitioner*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(d) 646-416-6280
(m) 347-652-9046
jessica@mazzolalindstrom.com

9