IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MRLED, INC., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-1922-K |
| | § | |
| SOUND BRIDGE ACOUSTIC LABS, | § | |
| INC., | § | |
| | § | |
| Respondent. | § | |
| | § | |

## ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT

Before the Court is Petitioner MRLED, Inc.'s Motion to Confirm Foreign Arbitration Award (the "Motion to Confirm") (Doc. No. 2), filed on July 26, 2024. Respondent Sound Bridge Acoustic Labs, Inc. filed an Answer (Doc. No. 14) to Petitioner's Application to Confirm Foreign Arbitration Award (the "Application") (Doc. No. 1). Respondent did not file a response challenging the Motion to Confirm within the time permitted by this Court's Local Civil Rules. The Court issued an order on December 19, 2024, noting the lack of response and specifically giving Respondent an opportunity to file a late response so "[t]o afford each party the chance to be heard on this issue". Doc. No. 18. The Court also warned Respondent that if it "does not respond, the Court will construe its silence as non-opposition to the Motion to Confirm." *Id.* Respondent's deadline to file a response expired on January 17, 2025, and Respondent has filed nothing to-date.

1

Petitioner filed its Application pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention") and the Federal Arbitration Act (the "FAA"). *See generally* Doc. No. 1; *see* 9 U.S.C. § 201 *et seq.*; 9 U.S.C. § 2 *et seq.* Contemporaneously with its Application, Petitioner filed the Motion to Confirm seeking confirmation of a foreign arbitration award issued by Shenzhen Arbitration Committee, also known as Shenzhen Court of International Arbitration (the "SCIA"), in Shenzhen, China. *See, e.g.,* Doc. No. 2-1 at 4. The SCIA awarded Petitioner the following: (1) $169,015 for the unpaid goods sold by Petitioner to Respondent; (2) penalty on the $169,015 at the rate of 0.06% per day from April 22, 2018 to full payment of the $169,015; (3) legal costs of RMB (renminbi) 50,000; (4) costs of the hearing transcript of RMB 22,000; and (5) the arbitration fees of RMB 69,736 advanced by the Petitioner to the SCIA. Doc. No. 1-4. The SCIA ordered those payments be made by Respondent within 30 days from the date of the Arbitral Award (the "Award"). *Id.* Respondent did not make the payments as required by the Award and, so, Petitioner filed its Application and this Motion to Confirm. Doc. No. 2-1 at 4; *see* Doc. No. 14 at 3, ¶ 21.

To its Application, Petitioner attached both the underlying commercial sales contract entered into between it and Respondent, which contains the arbitration provision (Doc. No. 1-2), and the Award issued by the SCIA on July 23, 2023, in Petitioner's favor (Doc. No. 1-4). *See In re Arb. Between Trans Chem. Ltd. and China*

*Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 309 (S.D. Tex. 1997), *aff'd*, 161 F.3d 314 (5th Cir. 1998).

"Within 3 years after an arbitral award . . . is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration." 9 U.S.C. § 207. Petitioner filed its Application well within three years of issuance of the Award. The Court finds it has original jurisdiction over this civil matter pursuant to the New York Convention as Petitioner seeks confirmation of an arbitral award issued by the SCIA. 9 U.S.C. § 203; *see also id.* § 202 (defining which arbitral agreements or arbitral awards are within the scope of the New York Convention); Doc. No. 1-2 (commercial sales contract between Petitioner and Respondent, as signatories, which provides for arbitration in Shenzhen, China). Further, this Court finds it can exercise personal jurisdiction over Respondent, a corporation formed under the law of Texas with its principal place of business in Texas. Doc. No. 1 at 1, ¶ 2, at 2, ¶ 4; Doc. No. 14 at 1, ¶¶ 2, 4.

Under § 207, the Court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207; *Trans Chem.*, 978 F. Supp. at 309; *see also Admart AG v. Stephen & Mary Birch Found., Inc.*, 457 F.3d 302, 307-08 (3d 2006) (identifying seven grounds specified by Article V of the New York Convention for refusal or deferral of arbitration award). Respondent bears the burden of proving one of these reasons exists to prohibit the Court's confirmation of the Award. *Trans Chem.*, 978 F. Supp. at

309 (citing *Imperial Ethiopian Gov't v. Baruch-Foster Corp.*, 535 F.2d 334, 335 (5th Cir. 1976); *accord Transocean Offshore Gulf of Guinea v. Erin Energy Corp.*, 2018 WL 1251924, at *5 (S.D. Tex. Mar. 12, 2018) ("The party opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses under the New York Convention applies.") (quoting *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005)); Convention, art. V ("Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that [one of the defenses applies].").  "Absent a convincing showing that one of these narrow exceptions applies the arbitral award will be confirmed." *Trans Chem.*, 978 F. Supp. at 309 (internal quotations and citations omitted).

Respondent here did not challenge confirmation of the Award in a response to the Motion to Confirm even after the Court extended *sua sponte* the response period, and the Court expressly warned Respondent that its silence would be construed as non-opposition to confirmation of the Award.  Doc. No. 18.  Accordingly, the Court finds it must **confirm** the Award.  Non-opposition aside, Respondent did not make a showing as to any of the seven narrow exceptions to confirmation, and nothing in the record supports a finding by the Court that one these Article V exceptions applies.  *See Karaha Bodas Co., L.L.C. v. Perusahaan Perambangan Minyak Dan Gas Bumi Negara*, 2003 WL 21027134, at *2 (5th Cir. Mar. 5, 2003).  For all these reasons, the Court finds

4

Petitioner is entitled to confirmation of the Award and, therefore, the Court **GRANTS** the Motion to Confirm.

"A district court should enforce an arbitration award as written—to do anything more or less would usurp the tribunal's power to finally resolve disputes and undermine the pro-enforcement policies of the New York Convention." *Wartsila Finland OY v. Duke Cap. LLC*, 518 F.3d 287, 292 (5th Cir. 2008) (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519-20 & n.15 (1974)). The Court has carefully reviewed the Award and concludes that Petitioner's request is consistent with the Award as written. Accordingly, the Court **ORDERS as follows**:

1.    The arbitration award issued by Shenzhen Arbitration Committee, also known as Shenzhen Court of International Arbitration, ("SCIA") on July 26, 2023, in favor of Petitioner MRLED Inc. and against Respondent Sound Bridge Acoustic Labs, Inc. is hereby **CONFIRMED** pursuant to 9 U.S.C. § 207 and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards;

2.    A judgment in favor of Petitioner MRLED Inc. and against Respondent Sound Bridge Acoustic Labs, Inc. is hereby entered as follows:

   a.    $169,015 for the unpaid goods sold by Petitioner MRLED Inc. to Respondent Sound Bridge;

   b.    penalty on the $169,015 at the rate of 0.06% per day from April 22, 2018, to full payment of the $169,015;

   c.    legal costs of RMB 50,000, which is the rough equivalent of $6,914.58 under the exchange rates as of July 26, 2024 (the date the Motion to Confirm was filed);

5

d.   costs of the hearing transcript of RMB 22,000, which is the rough equivalent of $3,042.67 under the exchange rates as of July 26, 2024 (the date the Motion to Confirm was filed); and

e.   the arbitration fees of RMB 69,736, which is the rough equivalent of $9,644.70 under the exchange rates as of July 26, 2024 (the date the Motion to Confirm was filed), advanced by the Petitioner to the SCIA.

**SO ORDERED.**

Signed February 5th, 2025.

_____

ED KINKEADE
UNITED STATES DISTRICT JUDGE